United States District Court

Eastern District of California

Andre Ramon Craver,

       Plaintiff,                  No. Civ. S 03-0402 GEB PAN P

  vs.                              Findings and Recommendations

Sacramento County, et al.,

       Defendants.

-oOo-

    This action is proceeding on plaintiff's March 3, 2003, complaint in which he claims: (1) Since September 3, 2002 Dr. Baradhursingh denied plaintiff treatment for headaches, numbness in his hands and feet, stiffness in his neck and back and pain in his knee; (2) In January 2003 Dr. Baradhursingh revoked permission for plaintiff to use a cane and special shoes; and (3) T. Smith denied plaintiff pain medication. Defendants move for summary judgment. Plaintiff opposes.[1]

---

[1] November 14, 2003, the court served on plaintiff notice the required by Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele

A party may move, without or without supporting affidavits, for a summary judgment and the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a)-(c).

An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the opposing party. Anderson v. Liberty Lobby Inc., 477 U.S. 242 (1986). A fact is "material" if it affects the right to recover under applicable substantive law. Id. The moving party must submit evidence that establishes the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" that the moving party believes demonstrate the absence of a genuine issue of material fact. Id. at 323. If the movant does not bear the burden of proof on an issue, the movant need only point to the absence of evidence to support the opponent's burden. To avoid summary judgment on an

---

v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

issue upon which the opponent bears the burden of proof, the opponent must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324.  The opponent's affirmative evidence must be sufficiently probative that a jury reasonably could decide the issue in favor of the opponent. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).  When the conduct alleged is implausible, stronger evidence than otherwise required must be presented to defeat summary judgment.  Id. at 587.

Federal Rule of Civil Procedure 56(e) provides that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Nevertheless, the Supreme Court has held that the opponent need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Celotex, 477 U.S. at 324. Rather, the questions are (1) whether the evidence could be submitted in admissible form and (2) "if reduced to admissible evidence" would it be sufficient to carry the party's burden at trial. Id. at 327.  Thus, in Fraser v. Goodale, 342 F.3d 1032 (9th Cir. 2003), objection to the opposing party's reliance upon her diary upon the ground it was hearsay was overruled because the party could testify to all the relevant portions from

3

personal knowledge or read it into evidence as recorded recollection.

A verified complaint based on personal knowledge setting forth specific facts admissible in evidence is treated as an affidavit. Schroeder v. McDonald, 55 F.3d 454 (9th Cir. 1995); McElyea v. Babbitt, 833 F.2d 196 (9th Cir. 1987). A verified motion based on personal knowledge in opposition to a summary judgment motion setting forth facts that would be admissible in evidence also functions as an affidavit. Johnson v. Meltzer, 134 F.3d 1393 (9th Cir. 1998); Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004).

Defects in opposing affidavits may be waived if no motion to strike or other objection is made. Scharf v. United States Attorney General, 597 F.2d 1240 (9th Cir. 1979) (incompetent medical evidence).

The following facts are undisputed: At all times relevant to this action, plaintiff was a pretrial detainee at the Sacramento County Jail; defendant Baradhursingh was a physician at the Sacramento County Jail and defendant Smith was the nurse supervisor responsible for investigating and responding to medical grievances.

In October 2001 plaintiff was diagnosed with torn left quadriceps but surgery was deferred in favor of physical therapy.

July 28, 2002, Dr. Hambly authorized plaintiff's use of a cane for the length of his stay. August 26, 2002, medical staff renewed this authorization and authorized him to have shoes

4

(without laces) provided by his family for the length of his stay.

September 3, 2002, plaintiff fell down a flight of stairs and hit his head. Plaintiff complained of a headache, numbness in his hands, feet and legs, and pain in his left knee and left ankle. Jail medical staff examined plaintiff and a doctor not named as a defendant referred plaintiff for outside evaluation, including a CAT scan of plaintiff's head. Plaintiff had no fractures and the CAT scan was normal. September 4, 2002, defendant Baradhursingh found plaintiff was "ambulatory" despite some swelling of the left knee and left ankle. Plaintiff had good range of motion in his shoulders and neck.

September 13, 2002, Dr. Hambly saw plaintiff for left knee and ankle pain, reviewed plaintiff's chart, prescribed Vicodin and Celebrex and referred plaintiff for outside evaluation.

January 28, 2003, plaintiff requested defendant Baradhursingh prescribe a cane. Defendant Baradhursingh denied the request after examining plaintiff and reviewing plaintiff's medical history.

Dr. Hambly, not defendant Baradhursingh, revoked plaintiff's authorization for shoes provided by his family.

November 17, 2002, plaintiff experienced numbness in his fingers and toes, sharp pain radiating down his spine to the rest of his body, his right shoulder felt as though it was dislocated, and his neck and back were stiff. He awoke at night in pain despite taking Vicodin twice daily. November 18, 2002, medical

1  staff examined plaintiff, reviewed back exercises previously
2  prescribed and discussed the importance of strengthening his back
3  muscles.
4      November 19, 2002, plaintiff requested he be housed on the
5  medical floor after release from disciplinary confinement because
6  climbing stairs hurt his knees.
7      November 22, 2002, defendant Baradhursingh explained to
8  plaintiff that sedentary habits would cause muscle atrophy.
9      Plaintiff did not receive his prescribed medication at least
10 five times between November 30, 2002, and January 6, 2003.
11 December 3, 2002, no one responded to plaintiff's request for
12 medical attention when he awoke at night with a headache and pain
13 shooting down his spine, followed by numbness.  Plaintiff filed
14 grievances about these incidents.
15     Defendant Smith did not directly supervise staff responsible
16 for dispensing medicine.  She responded to plaintiff's written
17 grievances but she never administered medicine to plaintiff,
18 examined plaintiff or in any other way provided direct medical
19 care to plaintiff while he was at the jail.
20     January 5, 2003, medical staff ordered x-rays of plaintiff's
21 knees for comparison with earlier films to rule out the
22 possibility of internal damage.
23     January 21, 2003, defendant Baradhursingh prescribed
24 Celebrex.  January 26, 2003, medical staff substituted Tylenol #3
25 for Vicodin.  Staff refused to issue a cane to plaintiff because
26 he had been caught "cheeking" Vicodin at least three times, had

1  admitted using a cane as a weapon and did not need a cane.  They
2  referred plaintiff for an orthopedic evaluation, with the caveat
3  that he was not to be given a cane because of security issues.
4  Any ambulatory assistance was to be remedied by a wheelchair and
5  housing accommodations.  January 28, 2003, defendant Bahadursignh
6  found plaintiff was ambulatory.

7      Because petitioner was a pretrial detainee, the Due Process
8  Clause of the Fourteenth Amendment protected him from conditions
9  amounting to punishment and his rights were violated if defendant
10 subjected him to an "arbitrary or purposeless" condition, viz.,
11 one not reasonably related to a legitimate governmental
12 objective. See Bell v. Wolfish, 441 U.S. 520, 535-36, 539 (1979).
13 The standard for determining whether plaintiff's due process
14 rights were violated is the same as it would be under the Eighth
15 Amendment.  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).
16 Therefore, to survive summary judgment, plaintiff must adduce
17 evidence of "acts or omissions sufficiently harmful to evidence
18 deliberate indifference to serious medical needs," Estelle v.
19 Gamble, 429 U.S. 97, 106 (1976), viz., evidence defendants knew
20 of and disregarded a risk of injury or harm that "is not one that
21 today's society chooses to tolerate."  See Helling v. McKinney,
22 509 U.S. 25, 35 (1993); Farmer v. Brennan, 511 U.S. 825, 837
23 (1994).

24    Defendant Baradhursingh contends there is no genuine issue
25 of whether he was deliberately indifferent.

26    The undisputed facts and plaintiff's evidence show several

physicians responded to plaintiff's complaints after the September 3, 2002, fall and so defendant Baradhursingh was not solely responsible for plaintiff's care.  Defendant Baradhursingh prescribed medication and recommended plaintiff do exercises prescribed in physical therapy.  Defendant Baradhursingh denied the request after examining plaintiff and reviewing plaintiff's medical history.  Defendant Baradhursingh determined plaintiff was sufficiently ambulatory so as not to require a wheelchair and plaintiff adduces no evidence to the contrary.

Defendant Baradhursingh did not revoke plaintiff's authorization for special shoes.

Plaintiff has failed to adduce evidence defendant Baradhursingh knew of but disregarded plaintiff's headaches, pain or numbness or that he revoked authorization for plaintiff to use special shoes.  Accordingly, there is no genuine dispute about whether defendant Baradhursingh was deliberately indifferent to plaintiff's serious medical needs.

Defendant Smith asserts that since she was a supervisor she cannot be liable under § 1983.  Plaintiff asserts defendant Smith failed adequately to respond to plaintiff's complaints that he was not receiving his medication.

A person is subject to liability under 42 U.S.C. § 1983 if he commits or directs an act or omission that violates a plaintiff's constitutional rights.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Supervisory liability exists even without overt

personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir.1989) (quotation marks and citation omitted).

To hold a supervisor liable for the unconstitutional acts of his subordinates, there must be a "causal connection between the supervisor's wrongful conduct and the constitutional violation." <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). This connection may be established by showing the supervisor personally participated in or directed the violation, <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989), implemented a policy so deficient as to be the moving force of the violation, <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir.1989), or by omitting to perform an act he was legally required to do, <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978), such as failing to take adequate steps to address a violation of which he knew or should have known, <u>see</u>, <u>Jones v. Williams</u>, 297 F.3d 930, 937 & fn. 4 (9th Cir. 2002).

Defendant Smith supervised responses to grievances and she responded to many of plaintiff's complaints. She was not responsible for administering medication to plaintiff and there is no evidence she was responsible for disciplining other nurses or ensuring other nurses followed protocol.

There is no genuine dispute that defendant Smith was deliberately indifferent to plaintiff's serious medical needs.

9

1  For these reasons, defendants' November 29, 2004, motion for
2 summary judgment should be granted and judgment should be entered
3 in defendants' favor.
4  Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
5 findings and recommendations are submitted to the United States
6 District Judge assigned to this case.  Written objections may be
7 filed within 20 days of service of these findings and
8 recommendations.  The document should be captioned "Objections to
9 Magistrate Judge's Findings and Recommendations."  The district
10 judge may accept, reject, or modify these findings and
11 recommendations in whole or in part.
12  Dated:  August 17, 2005.

                  /s/ Peter A. Nowinski
                  PETER A. NOWINSKI
                  Magistrate Judge

26 crav0402.f&r msj(1)